UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRYL BURKE,

    *Plaintiff*,

v.

UNITED STATES DEPARTMENT OF
JUSTICE,

    *Defendant*.

Civil Action No. 16-2082 (RDM)

**MEMORANDUM OPINION**

Plaintiff Darryl Burke, proceeding *pro se*, alleges that on July 26, 2015, he submitted a Freedom of Information Act ("FOIA") request to the United States Department of Justice ("the Department") seeking information from the U.S. Attorney's Office for the Southern District of Florida. After the Department failed to respond to his request, Burke filed this action. *See* Dkt. 1. The Department now moves for summary judgment, asserting that it never received the FOIA request Burke describes in his complaint and that, accordingly, Burke has failed to exhaust his administrative remedies before bringing suit. *See* Dkt. 13.

For the reasons explained below, the Court agrees. The Court will, therefore, grant the Department's motion for summary judgment.

**I. BACKGROUND**

Burke brings this action under FOIA, *see* 5 U.S.C. § 552, and the Privacy Act, *see* 5 U.S.C. § 552a, and alleges that he submitted a FOIA request to the Office of the United States Attorney for the Southern District of Florida, requesting "cop[ies] of all case names and case numbers for cases involving one or more *Brady* violations in the Southern District of Florida that

were overturn[ed] by the Appeal Courts, granted retrial, remanded, [or] dismissed" and the case names and numbers of all matters on which "U.S. Attorney Jerrob Duffy participate[d] or [was] involved." Dkt. 1 at 2 (Compl.). The complaint further alleges that "the Defendant . . . has failed to deliver [his] FOIA request," and that, accordingly, he "has exhausted his administrative remedies under" FOIA. *Id.* at 3. The complaint twice references an "Exhibit A" (presumably the FOIA request), *see id.* at 1, 2, but no exhibit was actually filed along with the complaint. To date, moreover, Burke has not filed a copy of his FOIA request, any correspondence with the Department regarding FOIA or the Privacy Act, or any other evidence that the FOIA request was actually sent or received.

After the Department was served with Burke's complaint in this case, a "[l]egal [a]dministrative [s]pecialist" at the Executive Office for the United States Attorneys ("EOUSA") searched EOUSA's "records for any FOIA requests it had received from" Burke.[1] Dkt. 13-4 at 2 (Luczynski Decl. ¶ 6). To do so, the specialist searched both of the "[c]omputer database systems" that EOUSA uses "to track all FOIA files" and from which "[i]nformation can be retrieved . . . by names, court case numbers, dates of requests, and subjects of requests." *Id.* at 3 (Luczynski Decl. ¶ 7). The search "located a total of four FOIA requests submitted by" Burke, but the search "did not locate any record of receiving the FOIA request described in [his]

---

[1] EOUSA is a component of the Department and is charged with "acting as a liaison with other divisions and offices of [the Department] in responding to requests and litigation filed under" the FOIA and the Privacy Act, including the "ninety-four United States Attorneys' Offices." Dkt. 13-4 at 1 (Luczynski Decl. ¶ 1); *see also id.* at 2 (Luczynski Decl. ¶ 4) ("When a FOIA request is submitted to [EOUSA] or an individual United States Attorney's Office, EOUSA opens a new file . . . ."). As such, when Burke notes in his complaint that he allegedly directed his FOIA request to "the defendant, United States Attorneys Office," Dkt. 1 at 2, EOUSA was charged with processing the request on behalf of the Department of Justice, including the U.S. Attorney's Office for the Southern District of Florida.

2

complaint."[2] *Id.* (Luczynski Decl. ¶ 8). In addition to searching EOUSA's two computer database systems, the specialist also "consulted with the staff from the United States Attorney's Office for [the] Southern District of Florida," EOUSA "intake staff, a paralegal supervisor who also conducted a search, and [s]enior [l]itigation [c]ounsel[] regarding whether any additional FOIA requests submitted by [Burke] had been received," but "[n]o additional requests were identified." *Id.*

In light of its "determin[ation] that it did not receive the FOIA request described in [Burke's] complaint," the Department moved for summary judgment, arguing that Burke "failed to exhaust the FOIA administrative procedures regarding his alleged FOIA request." Dkt. 13-2 at 4. On April 5, 2017, the Court issued an order advising Burke that he was "entitled to file a memorandum and supporting evidence in response" to the Department's motion, and cautioning him that, "if [he] fail[ed] to file a response, the Court [could] decide the motion without considering [his] arguments." Dkt. 14 at 1. The Court also informed Burke that it would "accept as true any factual assertion supported by" the Department's declarations "or other documentary evidence submitted with [its] motion" unless he "submit[ted] [his] own . . . documentary evidence contradicting the factual assertion." *Id.* On June 21, 2017, the Court extended the time for Burke to respond to the Department's motion up to July 14, 2017, *see* June 21, 2017 Minute

---

[2] The Department attaches these four FOIA requests to its motion for summary judgment, *see* Dkt. 13-4 at 6–9, and the Court agrees that none of the four is the request described in Burke's complaint. The four located requests seek: records pertaining to a specific criminal case filed in the "the Southern District of Fl[orid]a," *id.* at 6 (dated Jan. 15, 2015; received by EOUSA Jan. 26, 2015); real estate contracts, *id.* at 7, 8 (dated Mar. 21, 2015 and Apr. 2, 2015; received by EOUSA Apr. 7, 2015 and Apr. 13, 2015); and agreements between prosecutors and "Laterica Griffin," *id.* at 9 (filed Apr. 9, 2015; received by EOUSA Apr. 22, 2015). The four FOIA requests do not mention *Brady* violations, do not mention "Jerrob Duffy," and were not filed or received in July of 2015.

3

Order. Burke, however, has not responded to the Department's motion or to the Court's order directing that he respond.

## II. LEGAL FRAMEWORK

FOIA cases are typically resolved on motions for summary judgment under Federal Rule of Civil Procedure 56. *See, e.g.*, *Shapiro v. U.S. Dep't of Justice*, 153 F. Supp. 3d 253, 268 (D.D.C. 2016). To prevail on a summary judgment motion, the moving party must demonstrate that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe ' . . . the justifications for nondisclosure [of records] with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Thomas v. FCC*, 534 F. Supp. 2d 144, 145 (D.D.C. 2008) (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 728 (D.C. Cir. 1981)). The Court reviews the agency's decision *de novo*, and the agency bears the burden of sustaining its action. 5 U.S.C. § 552(a)(4)(B).

## III. ANALYSIS

"An agency's disclosure obligations [under FOIA] are not triggered . . . until it has received a proper FOIA request in compliance with its published regulations." *Mitchell v. Samuels*, 160 F. Supp. 3d 8, 11 (D.D.C. 2016) (quoting *Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 26 (D.D.C. 2008)); *see also Thomas*, 145 F. Supp. 2d at 145 ("An agency's obligation under the FOIA does not arise . . . until a proper request is received."). "If no FOIA request is received, an agency has no reason to search" for or to produce records. *Mitchell*, 160 F. Supp. 3d at 12 (quoting *Carbe v. Bureau of Alcohol, Tobacco & Firearms*, 13-cv-1658, 2004

WL 2051359, at *8 (D.D.C. Aug. 12, 2004)). A FOIA plaintiff's "failure to file a perfected request," moreover, "constitutes [a] failure to exhaust administrative remedies." *Walsh v. FBI*, 905 F. Supp. 2d 80, 84 (D.D.C. 2012) (quoting *Rodriguez-Cervantes v. Dep't of Health & Human Servs.*, 853 F. Supp. 2d 114, 117 (D.D.C. 2012)); *see also Antonelli*, 591 F. Supp. 2d at 26 ("As a general rule, a FOIA requester must exhaust administrative remedies prior to seeking judicial review."). Simply put, an agency cannot respond to a FOIA request it never received, and a plaintiff cannot maintain an action premised on a FOIA request he never submitted.

In FOIA cases like this one—"where agencies allege that they were unable to find . . . plaintiffs' requests for information"—the "agencies must demonstrate that they conducted searches reasonably calculated" to locate the request or any evidence that it was received. *Walsh*, 905 F. Supp. 2d at 84. Agencies can satisfy this obligation by submitting declarations describing their search efforts that "contain sufficient detail" and "are not controverted by contrary evidence." *Id.* (citations omitted). Those declarations "are 'accorded a presumption of good faith.'" *Borda v. Exec. Office for the U.S. Attorney*, 125 F. Supp. 3d 196, 198 (D.D.C. 2015) (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).

Here, in support of its motion for summary judgment, the Department has submitted a declaration from David Luczynski, an EOUSA attorney advisor responsible for "acting as liason with other divisions and offices [within the Department] in responding to" FOIA requests. *See* Dkt. 13-4 at 1 (Luczynski Decl. ¶ 1). Luczynski's declaration describes the Department's standard FOIA procedures, noting that incoming FOIA requests are "assign[ed] . . . a FOIA reference number," "date-stamped," and "entered in a mail log book," and it explains that all "FOIA correspondence" is "entered in [two] computer database systems by EOUSA's intake staff" that can be searched by "names, court case numbers, dates of requests, and subjects of

requests." *Id.* (Luczynski Decl. ¶¶ 4, 7). Luczynski attests that when the Department received Burke's complaint, a legal specialist employed by EOUSA searched both of EOUSA's FOIA databases "for any FOIA requests pertaining to [Burke]." *Id.* (Luczynski Decl. ¶ 8). Although the search "located a total of four FOIA requests" Burke had previously submitted, it failed to locate the FOIA request described in his complaint. *Id.* The legal specialist then took additional steps to locate Burke's request, consulting with staff at the U.S. Attorney's Office identified in the complaint and checking with intake staff, a paralegal supervisor, and a senior litigation counsel to verify "whether any additional FOIA requests submitted by [Burke] has been received." *Id.* "No additional requests were identified." *Id.* Because "[t]here [wa]s no other location or file . . . where any other records related to [Burke] would be located other than the locations and files which ha[d] already been searched," Luczynski concludes that EOUSA did "not receive[] the FOIA request described in [Burke's] complaint. *Id.* (Luczynski Decl. ¶¶ 9–10).

This declaration is sufficient to establish that the Department "conducted [a] search[] reasonably calculated" to locate the FOIA request described in Burke's complaint. *Walsh*, 905 F. Supp. 2d at 84. Luczynski observes that he is "familiar with [EOUSA's] procedures [for] responding to" FOIA requests, Dkt. 13-4 at 2 (Luczynski Decl. ¶ 3), and that he is unaware "of any other method or means by which an additional search could be conducted that would be likely to locate any other FOIA requests submitted by" Burke, *id.* at 4 (Luczynski Decl. ¶ 9). Having reviewed the declaration, the Court has no reason to doubt that assertion.

For his part, Burke has submitted "no proof that he mailed" the FOIA request described in his complaint, "or that the [Department] received it." *Walsh*, 905 F. Supp. 2d at 85. Indeed, although many months have now passed and although Burke was warned of the consequences of

6

failing to respond to the Department's evidence, he has failed to offer any response to the Department's motion for summary judgment. To be sure, a "motion for summary judgment cannot be deemed 'conceded' for want of opposition." *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 508 (D.C. Cir. 2016). But, if a party fails "to properly address another party's assertion of fact," the Court may "consider the fact undisputed for the purposes of the motion." *Id.* (quoting Fed. R. Civ. P. 56(e)). Here, the Department has "presented undisputed" and convincing "evidence that it searched for [Burke's] FOIA request in the places that [it] would have been located, but did not discover any such request." *Walsh*, 905 F. Supp. 2d at 85. Because Burke has failed to controvert that evidence, the Court concludes that he "never properly initiated and exhausted the FOIA administrative process" and "'is not entitled to maintain a civil action with respect'" to the FOIA request described in his complaint. *Id.* (quoting *Brown v. FBI*, 675 F. Supp. 2d 122, 126 (D.D.C. 2009)). The Court will, accordingly, grant the Department's motion for summary judgment.

## CONCLUSION

For these reasons, the Court will **GRANT** the Department's motion for summary judgment, Dkt. 13.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: February 22, 2018